IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEROME CLARKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-CV-99 (MTT) |
| | ) |
| Warden JESTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the defendants' motion to dismiss for failure to exhaust (Doc. 23). Doc. 32. Pro se plaintiff Jerome Clarke objected. Doc. 33. Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed de novo the portions of the Recommendation to which Ballard objects. For the following reasons, the Court **ADOPTS** the Report and Recommendation (Doc. 32).

### I. DISCUSSION

**A. Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available remedies before filing lawsuits related to prison conditions. 42 U.S.C. § 1997e(a). The Georgia Department of Corrections Standard Operating Procedure ("SOP") 227.02 outlines a two-step grievance process: (1) prisoners must file a grievance within ten calendar days of the incident and (2) they must appeal any denial to the Central Office. Doc. 23-1 at 13. The SOP also provides exceptions for emergencies requesting "immediate action or relief," in which case the inmate must

clearly indicate the grievance is an emergency and wait at least five days before filing suit. *Id.* at 7, 20-21. Emergency grievances do not require an appeal. *Id.* However, if the duty officer determines that the grievance is not a true emergency, the offender must file a new standard grievance within ten days of the denial. *Id.* at 21.

Clarke filed two grievances related to this action. Doc. 7 at 3; see 23-1 at 30-31. First, he filed an emergency grievance. *Id.* That grievance was denied because the duty officer found that it was not a true emergency. Doc. 23-1 at 30. Two days later, Clarke raised the same issue in a standard grievance. Docs. 7 at 3; 23-1 at 31. Clarke admitted in his complaint that he did not appeal his standard grievance because he was "still waiting to initiate the appeal process." Doc. 7 at 3-4 ("Still awaiting to initiate the appeal process to the grievance").. The Magistrate Judge correctly concluded that the duty officer properly denied Clarke's emergency grievance, in writing, within five days. Doc. 32 at 4-6. Clarke then followed the SOP by filing a standard grievance two days after the denial of his emergency grievance. Doc. 23-1 at 31; *See* Doc. 32 at 5. However, the Court agrees with the Magistrate Judge that Clarke did not fully exhaust his administrative remedies because he failed to file a central appeal after receiving no response to his standard grievance.[1] Doc. 32 at 8; *see* Doc. 7 at 3-4.

In his objection, Clarke does not dispute that he failed to appeal after he filed his standard grievance. Rather, he argues that the defendants waived the exhaustion requirement for his standard grievance because they "never once allowed the plaintiff to file an appeal to the denial and closing [of his] *emergency grievance*." Doc. 33 at 1-2

---

[1] Clarke states that this case should proceed to its "full evidentiary process." Doc. 33 at 1. There was no need for the Magistrate Judge to convene an evidentiary hearing on exhaustion because the material facts were undisputed. They still are.

(emphasis added).  First, the SOP does not require, or even allow an appeal of the "denial" of an emergency grievance.  Doc. 23-1 at 20-21.  Rather, upon determination that an emergency grievance is not a true emergency, and here it is undisputed that the duty officer determined it was not, an inmate must file a standard grievance within ten days.  *Id.* at 20, 30.  Clarke did that.  *Id.* at 31.  Thus, even if someone somehow prevented Clarke from "appealing" his emergency grievance, that would not excuse him from appealing his standard grievance.

Second, any unavailability argument fails because Clark has not demonstrated that the appeals process was unavailable. The PLRA's exhaustion requirement is excused if a remedy is unavailable.  *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1354-55 (11th Cir. 2020).  There are only three circumstances under which an administrative remedy is unavailable: (1) "when the procedure operates as a simple dead end, with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) "when the administrative scheme is 'so opaque that It becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking full advantage of a grievance process through machination, misrepresentation, or intimidation."  *Varner v. Shepard*, 11 F.4th 1252, 1258 (11th Cir. 2021) (citing *Ross v. Blake*, 578 U.S. 632, 578 U.S. 632 (2016)).  Once the defendant shows a remedy is generally available, the burden shifts to the plaintiff to demonstrate that the grievance procedure was "subjectively and objectively unavailable to him."  *Geter*, 974 F.3d at 1356 (emphasis added) (citing *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008).

Clarke never says how he attempted to appeal the resolution of his emergency grievance, much less how anyone stopped him from "appealing." *See Badger v. Parsons*, 2009 WL 2634073, at *4 & n.5 (S.D. Ga Aug. 26, 2009) ("Plaintiff cannot show that administrative remedies were unavailable simply by making a blanket allegation without any supporting evidence."); *Wright v. Ga. Dep't of Corr.*, 820 Fed. App'x 841, 845 (11th Cir. 2020) ("[The plaintiff] argued that the grievance process was an unavailable dead end…however, he provided no factual support for this assertion."). Clarke, therefore, fails to demonstrate that his administrative remedies were unavailable. This is further supported by the fact that he filed a standard grievance two days after his emergency grievance was denied, which was still pending when he filed this action. Docs. 23-1 at 4-5, 30-31; 7 at 3-4. *See Kozuh v. Nichols*, 185 Fed. App'x 874, 878 (11th Cir. 2006) (rejecting an unavailability argument where "the evidence shows that Kozuh was able to file numerous informal complaints and requests for information").

In sum, as Clarke admits in his complaint, he did not appeal his standard grievance and, therefore, he failed to exhaust. Doc. 7 at 3-4. Clarke's alleged inability to appeal the denial of his emergency grievance does not waive, or excuse, the exhaustion requirement.

## B. Clarke's Remaining Objection

Also, without elaboration, Clarke objects because "there [have] not been any amendments to [his] complaint[]." Doc. 33 at 3. First, Clarke never requested to amend his complaint. And even if he had, an amendment to his complaint would not cure his failure to exhaust. See *Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000) ("No

-4-

amendment or supplement to a pleading can change a historical fact."); *Miller v. Tanner*, 196 F.3d 1190, 1192 (11th Cir. 1999) ("[P]risoners must exhaust any administrative remedies available to them *before* filing a suit in federal court.") (emphasis added). Thus, whether Clarke amended his complaint makes no difference in this case.

## II. CONCLUSION

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 32) is **ADOPTED** and made the Order of the Court. Accordingly, the defendants' motion to dismiss (Doc. 23) is **GRANTED**. This action is **DISMISSED**. Further, Clarke's motion for legal advice regarding discovery (Doc. 30) is **TERMINATED as moot**.

**SO ORDERED**, this 31st day of July, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT